IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID MCGLYNN, | ) |
| Plaintiff, | ) Case No. |
| v. | ) **COMPLAINT** |
| THE LAST AMERICAN VAGABOND, LLC, | ) **DEMAND FOR JURY TRIAL** |
| Defendant. | ) |

Plaintiff David McGlynn ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant The Last American Vagabond, LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*. and for violation of the Digital Millennium Copyright Act ("*DMCA*"), 17 U.S.C. §1202(b).

2. Plaintiff created a photograph of financier Jeffrey Epstein (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant is a media company which owns and operates a website at domain www.thelastamericanvagabond.com (the "*Website*").

4. Defendant, without permission or authorization from Plaintiff, actively copied and displayed the Photograph on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff David McGlynn is an individual who is a citizen of the State of New York and maintains a principal place of business in Manhattan, New York.

6. Upon information and belief, defendant The Last American Vagabond, LLC, is a Tennessee limited liability company with a principal place of business at 206 Bridge Street, Suite 400, Franklin, Tennessee, in Williamson County, and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Tennessee.

9. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.** **Plaintiff's Copyright Ownership**

10. Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

11. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

13. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

14. On March 9, 2017, Plaintiff first published the Photograph. A copy of the

Photograph is attached hereto as Exhibit 1.

15. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image.

16. On March 24, 2017, the Photograph was registered by the USCO under Registration No. VA 2-036-448.

17. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

18. Plaintiff first published the Photograph by commercially licensing it to the New York Post ("NYP") for the purpose of display and/or public distribution, in an article titled "'Sex Slave' wants Epstein to explain how Prince Andrew allegedly met her."

19. The Photograph, as originally published by the NYP at the URL https://nypost.com/2017/03/09/sex-slave-wants-epstein-to-explain-how-prince-andrew-allegedly-met-her/, contained a "gutter credit" directly underneath the display of the Photograph, attributing Plaintiff as the author of the work.

## B. Defendant's Infringing Activity

20. Defendant is the registered owner of the Website and is responsible for its content.

21. Defendant is the operator of the Website and is responsible for its content.

22. The Website is a key component of Defendant's popular and lucrative commercial enterprise.

23. The Website is monetized in that it sells merchandise to and solicits monetary donations from the public and, upon information and belief, Defendant profits from these activities.

24. On or about August 10, 2019, Defendant displayed the Photograph on the Website as part of an on-line story at URL: https://www.thelastamericanvagabond.com/jeffrey-epstein-dead-alleged-suicide/ ("*Infringement 1*"). A copy of a screengrab of the Website including the Photograph is attached hereto collectively as Exhibit 2.

25. Further, on or about August 16, 2019, Defendant displayed the Photograph on the

Website as part of another on-line story at URL: https://www.thelastamericanvagabond.com/epstein-autopsy-finds-evidence-he-may-have-been-murdered/ ("*Infringement 2*"). A copy of a screengrab of the Website including the Photograph is attached hereto collectively as <u>Exhibit 2</u>.

26. The Photograph was stored by Defendant at URL: https://www.thelastamericanvagabond.com/wp-content/uploads/2019/08/epstein-standing-1a_0-e1565448060722.jpg.

27. Defendant's displays of the Photograph did not include the gutter credit to Plaintiff as was displayed in the NYP publication.

28. Without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Plaintiff's copyright protected Photograph on the Website.

29. Plaintiff first observed and actually discovered the Infringements and Defendant's violation of the DMCA on July 28, 2022.

30. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringements*").

31. The Infringements include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5)*.

32. The Infringements are exact copies of Plaintiff's original image that was directly copied and displayed by Defendant on the Website.

33. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on, and/or displaying images including but not limited to Plaintiff's Photograph.

34. Upon information and belief, Defendant directly contributes to the content posted

on the Website by, *inter alia*, directly employing reporters, authors, and editors as its agents, including but not limited to those authors working under the pseudonym of "Tyler Durden" (the "*Employees*").

35. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringements.

36. Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringements.

37. Upon information and belief, the Photograph was willfully and volitionally posted to the Website by Defendant.

38. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

39. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

40. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

41. Upon information and belief, Defendant monitors the content on its Website.

42. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

43. Upon information and belief, the Infringements increased traffic to the Website and, in turn, caused Defendant to realize an increase in its business revenues and/or merchandise sales.

44. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

45. Upon information and belief, Defendant at all times had the ability to stop the

reproduction and display of Plaintiff's copyrighted material.

46. Defendant's use of the Photograph harmed the actual market for the Photograph.

47. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

48. On April 17, 2023, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

49. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, Defendant failed to respond, and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

50. Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

51. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

52. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

53. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

54. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

55. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of his exclusive rights in the copyright to Defendant.

56. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced,

6
Case 3:24-cv-00529   Document 1   Filed 04/29/24   Page 6 of 9 PageID #: 6

distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in his copyrights.

57. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

58. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using it on the Website.

59. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

60. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

61. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

**SECOND COUNT**
*(Removal and/or Alteration of Copyright Management Information 17 U.S.C. § 1202(b))*

62. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

63. The Photograph as originally published, at URL: https://nypost.com/2017/03/09/sex-slave-wants-epstein-to-explain-how-prince-andrew-allegedly-met-her/, contained a "gutter credit" attributing Plaintiff as the author of the work. Such credit

7
Case 3:24-cv-00529   Document 1   Filed 04/29/24   Page 7 of 9 PageID #: 7

qualifies as copyright management information ("*CMI*") under section 1202(c) of the DMCA, 17 U.S.C. §1202(c). A copy of a screengrab of the Original Source page is attached hereto as <u>Exhibit 3</u>.

64. Defendant distributed the Infringements without Plaintiff's CMI, as there was no credit provided to Plaintiff upon Defendant's displays of the Photograph on the Website.

65. Upon information and belief, Defendant's distribution of containing the Photograph was done with actual knowledge that Plaintiff's CMI was removed and/or altered without Plaintiff's permission.

66. Upon information and belief, Defendant had reasonable grounds to know that its distribution of the infringing article containing the Photograph would induce, enable, facilitate, or conceal an infringement.

67. Upon information and belief, in addition to removing the Plaintiff's CMI, Defendant also removed the metadata from the Photograph.

68. Defendant's conduct violates 17 U.S.C. § 1202(b).

69. Plaintiff has sustained substantial injury and monetary damages as a result of Defendant's wrongful acts as herein alleged, and as a result of being involuntarily associated with Defendant, in an amount to be proven at trial.

70. As a result of Defendant's violations of the DMCA, pursuant to 17 U.S.C. § 1203(c)(2), Plaintiff is entitled to an award of the actual damages suffered as a result of the violation including any profits of the Defendant attributable to the violation or, alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202(b).

71. As a result of the Defendant's violations of the DMCA, the court in its discretion may allow the recovery of reasonable attorney's fees and full costs pursuant to 17 U.S.C. § 1203(b)(4) and (5) from Defendant.

## JURY DEMAND

72. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and has violated the DMCA under 17 U.S.C. §1202(b) and therefore award damages and monetary relief as follows:

    a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c. finding that Defendant violated section 1202(b) of the DMCA; 17 U.S.C. § 1202(b);

    d. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

    e. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505 and/or 17 U.S.C. §1203(b)(4) and (5);

    f. for pre-judgment interest as permitted by law; and

    g. for any other relief the Court deems just and proper.

DATED: April 29, 2024

                                        **SANDERS LAW GROUP**

                                        By:   */s/ Craig Sanders*
                                        Craig Sanders, Esq.
                                        333 Earle Ovington Blvd, Suite 402
                                        Uniondale, NY 11553
                                        Tel: (516) 203-7600
                                        Email: csanders@sanderslaw.group
                                        File No.: 126391
                                        *Attorneys for Plaintiff*